TIM LAMAN,

                Plaintiff,

v.

PURPLE ELEPHANT, LLC dba SPIKEY BITS,

                Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff TIM LAMAN by and through his undersigned counsel, brings this Complaint against Defendant PURPLE ELEPHANT, LLC dba SPIKEY BITS for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff TIM LAMAN ("Laman") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Laman's original copyrighted Work of authorship.

2. Laman is a noted field biologist, wildlife photojournalist, and filmmaker. He spends many months each on expeditions to all seven continents to explore and document rare species and biodiversity. Tim has won numerous prestigious awards including "Wildlife Photographer of the Year" in 2016 and the NANPA (North American Nature Photography Association) recognition as "Nature Photographer of the Year."

3. Defendant PURPLE ELEPHANT, LLC dba SPIKEY BITS ("Spikey Bits") provides comprehensive coverage through various media outlets and has become the leading

tabletop gaming news website. It focuses on the hobby side of miniatures and wargaming and is a proud member of the Game Manufactures Association. At all times relevant herein, Spikey Bits owned and operated the internet website located at the URL https://spikeybits.com/ (the "Website").

4. Laman alleges that Defendant copied his copyrighted Work from the internet in order to advertise, market and promote its business activities. Spikey Bits committed the violations alleged in connection with its business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in Massachusetts.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Spikey Bits engaged in infringement in this district, Spikey Bits resides in this district, and Spikey Bits is subject to personal jurisdiction in this district.

## DEFENDANT

9. Purple Elephant, LLC is a North Carolina Limited Liability Company, with its principal place of business at 600 South Valley Road, Southern Pines, North Carolina, 28387, and can be served by serving its Registered Agent, Rob Baer at the same address.

10. Purple Elephant, LLC performs and operates its business under the name Spikey Bits.

## THE COPYRIGHTED WORK AT ISSUE

11. In 2010, Laman created the photograph entitled "MM7363-080914-02568," which is shown below and referred to herein as the "Work".



12. Laman registered the Work with the Register of Copyrights on August 12, 2015, and was assigned registration number VA 2-028-396. The Certificate of Registration is attached hereto as **Exhibit 1**.

13. Laman published the Work on June 1, 2010, by displaying it on his website at https://archive.timlaman.com/image?&_bqG=0&_bqH=eJxtUFtPwyAY_TXr2xLa2m0u4YHy0 YasgHJpxBdiplmNPqlRf758zaKNSsLhXDgQOPm2.xhP03s_xOrp3txMXevN4froyb7cl4TgzCg TOE6V2tabek125LK8WJOq2ewKmRwwL1ZNq9SqAbowANAAWFgxDzRxzbb4XRV_q.L_K pc.zpf5HCPhJmhvY5LOoDRWCp0zaTRK6ZIVg2BOwFleLbUz1lPL9KGYX5qYBvqWeXDCJ gk04C_UvLzdlp.PzxXL0SitD2xIrBeaR9xUJN4mmQ_O1TMN39R2P1QhZdzT14e7l.NUjHO7n 5EjfgGKWnIF&GI_ID= (the "Laman Website"). At the time he published the Work on the

Laman Website and at all times thereafter, he stated on the Laman Website that licensing options were available by contacting him.

14. Laman's display of the Work on the Laman Website also included copyright management information ("CMI") next to the Work in the form of Laman's name, copyright notice, and a copyright notice on the image itself (collectively, the "Attributions").

15. Laman's Work is protected by copyright but was not otherwise confidential, proprietary, or trade secrets. The Work in perspective, orientation, positioning, lighting, and other details is entirely original, distinctive, and unique. As such, the Work qualifies as subject matter protectable under the Copyright Act.

16. At all relevant times Laman was the owner of the copyrighted Work.

**INFRINGEMENT BY SPIKEY BITS**

17. Spikey Bits has never been licensed to use the Work at issue in this action for any purpose.

18. On a date after the Work was created, but prior to the filing of this action, Spikey Bits copied the Work.

19. On or about April 22, 2022, Laman discovered the unauthorized use of his Work on the Website at the URL https://spikeybits.com/2023/12/a-push-for-games-workshop-to-start-recycling-their-plastic-sprues.html.

20. Spikey Bits copied Laman's Work without permission or authority.

21. After Spikey Bits copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its tabletop gaming business.

22. Spikey Bits copied and distributed Laman's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

23. Spikey Bits committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

24. Laman never gave Defendant permission or authority to copy, distribute or display the Work at issue in this case.

25. When Spikey Bits copied and displayed the Work at issue in this case, Spikey Bits removed Laman's copyright management information from the Work.

26. Laman never gave Spikey Bits permission or authority to remove copyright management information from the Work at issue in this case.

27. Laman notified Spikey Bits of the allegations set forth herein on April 26, 2024 and May 16, 2024. To date, the parties have failed to resolve this matter.

## COUNT I
## COPYRIGHT INFRINGEMENT

28. Laman incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Laman owns a valid copyright in the Work at issue in this case.

30. Laman registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

31. Spikey Bits copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Laman's authorization in violation of 17 U.S.C. § 501.

32. Spikey Bits performed the acts alleged in the course and scope of its business activities.

33. Spikey Bits' acts were willful.

34. Laman has been damaged.

35. The harm caused to Laman has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

36. Laman incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

37. The Work contains copyright management information ("CMI") in the form of Attributions on the Laman Website.

38. Spikey Bits knowingly and with the intent to enable, conceal, or facilitate copyright infringement, displayed the Work on the Website without any of the Attributions in violation of 17 U.S.C. § 1202(b).

39. Spikey Bits distributed the Work to the Website knowing that the CMI had been removed or altered without authority of the copyright owner or the law.

40. Spikey Bits committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Laman's rights in the Work.

41. Spikey Bits caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Laman's rights in the Work at issue in this action protected under the Copyright Act.

42. Laman has been damaged.

43. The harm caused to Laman has been irreparable.

WHEREFORE, the Plaintiff TIM LAMAN prays for judgment against the Defendant PURPLE ELEPHANT, LLC DBA SPIKEY BITS that:

a. Spikey Bits and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

b. Spikey Bits be required to pay Laman his actual damages and Defendant's profits attributable to the infringement, or, at Laman's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

c. Laman be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Laman be awarded pre- and post-judgment interest; and

e. Laman be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Laman hereby demands a trial by jury of all issues so triable.

Dated: April 15, 2025

Respectfully submitted,

*/s/ Arthur H. Piervincenti*
ARTHUR H. PIERVINCENTI
Bar Number: 33591
arthur@lawahp.com

**PIERVINCENTI LAW PLLC**
631-300 Brawley School Road, #225
Mooresville, NC 28117
704.251.9679 – Telephone

*Counsel for Plaintiff Tim Laman*